# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2801

_____

| | | |
|---|---|---|
| Li, Qiu Yan, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr.,[1] United States | * | |
| Attorney General, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: October 29, 2009
Filed: November 3, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Chinese citizen Qui Yan Li (Li) petitions for review of an order of the Board of Immigration Appeals (BIA), affirming an Immigration Judge's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on her violation of China's family-planning policies. We deny the petition.

_____

[1]Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Substantial evidence supports the BIA's determination that, even assuming the truth of Li's testimony, she failed to show that she suffered persecution on account of a protected ground.  See Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008) (standard of review).  Li failed to present evidence that the temporary intrauterine device (IUD) she received was implanted with physical force or abuse, see Li v. Gonzales, 405 F.3d 171, 179 (4th Cir. 2005) (finding no persecution absent record evidence that procedure used to implant IUD at government's request differed from voluntary IUD insertion), or that the fine imposed for the birth of her second child constituted a severe economic burden, see Beck v. Mukasey, 527 F.3d 737, 740 (8th Cir. 2008) (economic restrictions can constitute persecution if so severe that they constitute real threat to life or freedom).

Further, Li failed to offer credible, specific evidence that a reasonable person in her position would fear forcible sterilization if returned to China, and in fact, some of the evidence she offered belies her fear.  See Makatengkeng v. Gonzales, 495 F.3d 876, 881 (8th Cir. 2007) (burden); Huang v. INS, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (without solid record support for alien's assertion that he would be persecuted, his fear was speculative at best).  Li similarly presented no evidence to support her belief that the birth of her third child in the United States makes her a more likely candidate for forcible sterilization in China.  Finally, because Li failed to prove her asylum claim, she failed to meet the higher burden of proof for withholding of removal and CAT relief.  See Makatengkeng, 495 F.3d at 885.

Accordingly, we deny the petition.

_____